IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR00431-001 |
| | ) | |
| Plaintiff, | ) | THE HONORABLE JOHN R. ADAMS |
| | ) | U.S. DISTRICT COURT JUDGE |
| -vs.- | ) | |
| | ) | SENTENCING MEMORANDUM OF |
| DEMANN WILSON, | ) | DEFENDANT DEMANN WILSON |
| | ) | |
| Defendant. | ) | |

Defendant, Demann Wilson, has pled guilty to Count 2 of the Indictment, which charges Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

According to the Presentence Investigation Report, Mr. Wilson's Offense Level is 23 pursuant to USSG §2K2.1. PSI ¶¶18, 27. Mr. Wilson has accepted responsibility, and therefore a three (3) level reduction is warranted under U.S.S.G. §3E1.1(a) and (b). PSI ¶¶25, 26. This makes the final offense level 23. PSI ¶27.

According to the PSI, Mr. Wilson has 7 criminal history points, PSI ¶53; two (2) points are added pursuant to U.S.S.G. §4A1.1(d), as the instant offense was committed while under a criminal justice sentence. PSI ¶54. With 9 total criminal history points, Mr. Wilson is in Criminal History Category IV. PSI ¶55. Consequently, his Guideline range is 70 to 87 months and in Zone C of the Guidelines Sentencing Chart.

Mr. Wilson requests this Court for a sentence sufficient, but not greater than necessary, to fulfill the requirements of 18 U.S.C. § 3553(a) after considering all factors. A more thorough explanation of this request is set forth in the attached Memorandum in Support.

Respectfully submitted,

s/ Leif B. Christman
**LEIF B. CHRISTMAN (0070014)**
55 Public Square, Suite 2100
Cleveland, Ohio 44113
Tel: 216-241-5019
Fax: 216-241-5022
E-mail: LBChristman@hotmail.com
*Attorney for Demann Wilson*

<u>MEMORANDUM IN SUPPORT</u>

## I.  Introduction

On September 16, 2019, Demann Wilson entered a guilty plea to Count Two of the Indictment. There is no plea agreement in this case. Mr. Wilson's sentencing is set for January 8, 2020.

According to the Presentence Investigation Report ("PSR"), Mr. Wilson's Base Offense Level is 26 pursuant to USSG §2K2.1. PSR at ¶23. Mr. Wilson has accepted responsibility, and therefore a three (3) level reduction is warranted under USSG §§ 3E1.1(a) and (b). He provided the following acceptance of responsibility statement:

> I accept full responsibility for my actions in this case. I acknowledged that I possess the firearm as alleged in count two of my indictment. I did not possess or possess drugs in conjunction with the firearm. I have timely entered a plea of guilty and accept full responsibility for my conduct.

> I am 41 years old and have been employed at Statements Lawn Care, Avon, Ohio for the two years prior to my arrest on this case. I was employed full-time and worked a minimum of eight hours a day and often earned overtime.

> My duties included lawn care during the summertime and snow removal during the winter. I started earning $10 per hour and with good performance I earned raises to $13 per hour at the time of my arrest. I worked hard to support my family and was turning my life around.

> I am proud of all of my children, especially my son DeMann Jr. who is in his third year at West Point. He plays defensive end on the football team and will be commissioned as a 2nd Lt. In the United States Army in May, 2021.

> I've taken an active role in my children's lives. All but one of them have graduated from high school and they all have avoided the pitfalls that I have found in my life.

> I regret my actions that put me in a position to be separated from my family. Despite my faults, I am a good influence in their lives and they need my support.

> Please know that I will take advantage of every opportunity to better myself at the Bureau of Prisons. I plan on returning as the best person I can become. I do not ever intend on going through this cycle of turmoil and pain in my life again.

1

I accept the consequences for my actions.

Your Honor, please consider the good that I have done while balancing my punishment.

Sincerely,

DeMann Wilson

With the adjustment for Acceptance of Responsibility, the final Offense Level is 23.

Mr. Wilson has 9 (9) criminal history points. With nine (9) criminal history points, he is in Criminal History Category IV.

With a Total Offense Level of 23 and Criminal History Category IV, his Guidelines range is 70 to 87 months. And he is in Zone C of the Guidelines Sentencing Chart.

## II.     The Statutory Sentencing Factors

In determining the sentence to be imposed, this Court is to consider the factors codified at 18 U.S.C. § 3553(a), guided by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005); *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007), and *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007). As the full Sixth Circuit observed:

> *Booker* empowered district courts, not appellate courts and not the Sentencing Commission. Talk of presumptions, plain error and procedural and substantive rules of review means nothing if it does not account for the central reality that *Booker* breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the § 3553(a) factors to the criminal defendants that come before them.

*United States. v. Vonner*, 516 F.3d 382, 392 (6th Cir.) (*en banc*), *cert. denied*, 555 U.S. 816 (2008).

*Booker*, and its progeny, permits the sentencing court to consider even those mitigating factors that the advisory guidelines prohibit; i.e., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth,

etcetera. *See, United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005)("'[T]he guidelines' prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the 'history and characteristics' of the Defendant... [T]hus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range.").

Prior to sentencing Mr. Wilson, the Court must evaluate the factors listed in 18 U.S.C. § 3553(a) to determine a reasonable sentence for the defendant. Per 18 U.S.C. § 3553(a), the Court must consider the following: the nature and circumstances of the offense and the history of the defendant; the need for the sentence imposed (considering seriousness of offense, deterrence, protecting the public, and providing the defendant with needed treatment in the most effective manner); the types of sentences available; sentencing ranges; policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and restitution to the victim of the offense. 18 U.S.C. § 3553(a) (2008).

Looking at the nature and circumstances of the current offense and the history of the defendant, the Court should consider several factors specific to Mr. Wilson. As a child Mr. Wilson lived in poverty. His mother was addicted to drugs and alcohol, and this impaired her ability to care for Mr. Wilson and his siblings. At times, Mr. Wilson lived with his grandmother, who also was addicted to alcohol. Mr. Wilson's mother had many boyfriends throughout his childhood. Instead of being positive male figures in his life, these men would often subject Mr. Wilson and his siblings to physical abuse.

Mr. Wilson overcame a turbulent childhood with no positive male presence to become a caring father who is involved with and supports his biological children and his step-children. He

is close to his living maternal siblings. Mr. Wilson struggled throughout elementary school and completed the 11th grade, despite repeating grades due to a learning disability. He has been working to earn his GED and maintains stable employment. Mr. Wilson is looking forward to the opportunity to set a positive example for his children upon his release.

The second factor to be evaluated by the Court is the need for the sentence imposed, considering seriousness of the offense, deterrence, protecting the public, and providing the defendant with needed treatment in the most effective manner. Mr. Wilson admits that he is drug addicted and addicted to gambling. He acknowledges the role those addictions play in his offending behavior and is eager to participate in treatment for these addictions.

Mr. Wilson was also previously diagnosed with psychiatric disorders and believes that he will benefit from counseling and any recommended treatment.

Mr. Wilson was arrested on July 25, 2019 and remanded during the pendency of this matter. At the time of his sentencing, Mr. Wilson will have spent 5 months and 14 days in federal custody on this indictment.

Mr. Wilson acknowledges that a special assessment of $100 is mandatory by statute. Mr. Wilson requests that no additional fines be imposed, as he lacks the financial capacity to pay a fine. (PSR ¶84).

For the foregoing reasons, Mr. Wilson requests a sentence that is sufficient, but not greater than necessary, to fulfill the requirements of 18 U.S.C. § 3553(a).

Respectfully submitted,

s/ Leif B. Christman
**LEIF B. CHRISTMAN (0070014)**
55 Public Square, Suite 2100
Cleveland, Ohio 44113
Tel: 216-241-5019
Fax: 216-241-5022

E-mail: LBChristman@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2020, a copy of the Sentencing Memorandum of Defendant Demann Wilson was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

s/ Leif B. Christman
Leif B. Christman
*Attorney for Demann Wilson*